AMERICAN HOME FOODS, Inc. (an Ohio Corporation) and American Home Foods, Inc. (a New Jersey Corporation) in its own right or as transferee of the aforesaid Ohio Corporation

v.

The UNITED STATES.

No. 13-55.

United States Court of Claims.

Oct. 2, 1956.

William M. Chanson, New York City, for plaintiffs.

Theodore M. Garver, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe, Washington, D. C., was on the briefs.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiffs sue to recover $3,079.95 under section 209(e) of the Social Security Act Amendments of 1950, 64 Stat. 477, 548, 26 U.S.C.A. (I.R.C.1939) § 1410 note. This sum represents $2,368.96 Federal Insurance Contributions taxes and $710.99 Federal Unemployment Tax Act taxes which were assessed and paid for the calendar year 1947. Refund claims were duly filed, rejected, and this suit was timely filed.

Section 209(e) provides:

" '(e) If a corporation (hereinafter referred to as a predecessor) incorporated under the laws of one State is succeeded after 1945 and before 1951 by another corporation (hereinafter referred to as a successor) incorporated under the laws of another State, and if immediately upon the succession the business of the successor is identical with that of the predecessor and, except for qualifying shares, the proportionate interest of each shareholder in the successor is identical with his proportionate interest in the predecessor, and if in connection with the succession the predecessor is dissolved or merged into the successor, and if the predecessor and the successor are employers under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act * * * in the calendar year in which the succession takes place, then—

" '(1) the predecessor and successor corporations, for purposes only of the application of the $3,000 limitation in the definition of wages under such Acts, shall be considered as one employer for such calendar year, and

" '(2) the successor shall, subject to the applicable statutes of limitations, be entitled to a credit or refund, without interest, of any tax under section 1410 of the Federal Insurance Contributions Act * * * or section 1600 of the Federal Unemployment Tax Act * * * (together with any interest or penalty thereon) paid with respect to remuneration paid by the successor during such calendar year which would not have been subject to tax under such Acts if the remuneration had been paid by the predecessor.' "

The only issue present is whether the plaintiffs meet the requirement that " 'immediately upon the succession the business of the successor is identical with that of the predecessor' ". If plaintiffs meet this requirement it will result in the payment of the employer's share of the above taxes only once, whereas if they are not considered in effect the same employer, within the intent of the statutory scheme, a double tax must be paid without any additional benefit to anyone except the Government.

The facts are in substance as follows:

Prior to November 1, 1947, American Home Foods, Inc. (a New York corporation), hereinafter referred to as Predecessor, and American Home Foods, Inc. (an Ohio corporation, then known as Chef Boy-Ar-Dee Quality Foods, Inc.), hereinafter referred to as Successor, were both wholly owned subsidiaries of American Home Products Corporation. Prior to 1947, Predecessor was in the business of manufacturing and distributing four lines of products, i. e., baby foods, baking mixes, instant coffee and food seasonings. Successor was in the business of manufacturing and distributing the line of Chef Boy-Ar-Dee spaghetti and related products.

Predecessor maintained approximately 50 sales and/or warehouse offices throughout the United States from which its salesmen sold regularly and at the same time both Predecessor's and Successor's products. The Predecessor through its method of accounting recouped the pro rata share of the salaries and expenses of the salesmen related to the sales of Chef Boy-Ar-Dee products through a selling charge made to Successor.

On November 1, 1947, as of the start of business, American Home Products Corporation (the common parent) merged these food businesses into a single company, the Successor, and its name was changed. This was accomplished by way of a reorganization expressly recognized as tax free under the statute by the Commissioner of Internal Revenue. As of that date, Predecessor transferred all its assets, business, patents, trademarks and good will to Successor in exchange for 13,500 shares of Successor's capital stock and the assumption by Successor of all Predecessor's liabilities. Thereupon, Predecessor immediately was liquidated, the 13,500 shares of Successor's stock (Predecessor's only remaining asset) being distributed to American Home Products Corporation (Predecessor's sole shareholder) in return for the surrender by that latter corporation for cancellation and retirement of all of the Predecessor's outstanding capital stock. Predecessor was thereafter formally dissolved. The reorganization took the form of a transfer of assets for stock. Predecessor conveyed all of its assets for 13,500 shares of Successor's stock. Predecessor simultaneously distributed this stock in liquidation to the parent company, American Home Products Corporation. The American Home Products Corporation owned all except qualifying shares of both Predecessor and Successor, except for the period at and after the reorganization when Predecessor owned 13,500 shares of Successor's stock.

Upon the commencement of business on November 1, 1947, Successor, still a

wholly owned subsidiary of American Home Products Corporation (parent corporation) by reason of the fact that all of its outstanding capital stock went to and was owned by the American Home Products Corporation in and as an integral part of the reorganization of November 1, 1947, continued to carry on all the activities which theretofore had been carried on both by itself and by Predecessor. Successor continued to manufacture all the lines of products theretofore produced by both companies. Successor continued the operation of the factories which were theretofore operated by both companies. Successor continued to maintain, use and operate all of the approximately 50 sales and/or warehouse offices throughout the United States from which the same salesmen for both companies as theretofore continued to make sales of all the same lines of products. The Successor continued in its organization and employment the same employees who had theretofore been employed by both Predecessor and Successor.

In short, each and every aspect of a business, beneficially owned and operated by the parent company, American Home Products Corporation, through two entities, was continued after the reorganization unchanged in any manner, shape or form except that for the operation of the business only one entity instead of two thereafter existed. At no time was any beneficial ownership changed, and at no time was there a change in the employment of personnel other than that which thereafter occurred in the normal course of business and entirely unrelated to the succession or the issue in this case. The business of Predecessor carried on by Successor on and after November 1, 1947, was identical with the business of Predecessor theretofore.

Both Predecessor and Successor were separate employers under the Federal Insurance Contributions Tax Act, 26 U.S.C.A. (I.R.C.1939), § 1400 et seq., and the Federal Unemployment Tax Act, 26 U.S.C.A. (I.R.C.1939) § 1600 et seq., in the year of succession.

Federal Insurance Contributions Act taxes and Federal Unemployment Tax Act taxes were paid by Successor on wages of employees to whom aggregate wages in excess of $3,000 were paid in the calendar year 1947 by both Predecessor and Successor. The taxes assessed and paid with respect to such aggregate "excess" wages amounted to $3,079.95.

For the period November 1, 1947, through December 31, 1947, Successor paid taxes on wages, in excess of $3,000 paid by both Successor and Predecessor for the calendar year 1947 to 353 employees, previously of both companies, such wages being in an aggregate amount of $236,895.91. That is, taxes were paid by Predecessor on the first $3,000 of wages paid in calendar year 1947 to each of these 353 employees and, in addition, taxes were paid a second time, by Successor, on an additional $3,000 or part thereof paid in calendar year 1947 to these same 353 employees. This gave rise to "duplicated" Federal Insurance Contributions Act taxes of $2,368.96 and "duplicated" Federal Unemployment Tax Act taxes of $710.99, or a total of $3,079.95. It is these taxes, paid by Successor with respect only to the 353 employees taken over by Successor from Predecessor, which Successor seeks to recover. These facts were investigated for defendant by the Internal Revenue Service and their accuracy reported to counsel for defendant, with the result that defendant stipulated that plaintiffs are entitled to recover an aggregate of $3,079.95 if it should be held that Predecessor and Successor come within the purposes and meaning of section 209(e) and that Successor is entitled to the benefits of that section.

Before the amendments made by the 1950 Act, the Commissioner of Internal Revenue took the position (as to partnerships) that when a partner died and the partnership was automatically terminated and a new partnership was organized without interruption of business, the new partnership was a new employer and, therefore, was required to pay this double tax. He took the same position

when a corporation was reorganized and the successor carried on the same business. Sections 1426(a) (1) and 1607 (b) (1) of the 1939 Code, as amended, were further amended in 1950 prospectively in certain respects to provide that if the successor acquired substantially all the property of the predecessor, or a separate unit of the predecessor, and immediately after the acquisition employed an individual who immediately prior to the acquisition was employed by the predecessor, the successor would be considered the same employer and the double tax would not be required to be paid by the successor.

Section 209(e) of the 1950 Act, which was designed to retroactively allow the refund of this double tax for the years 1946 through 1950, in certain reincorporations, in our opinion such as we have here, was more limited, as is seen from its language.

The plaintiffs take the position, and we think rightly, that the " 'business of the successor' " and the identity required by section 209(e) means that the successor must acquire and continue the entire business of its predecessor, and that it is not fatal if it have other similar business or if, through the reorganization, additional business is added to that business, or whether an additional separate business of the successor is added by the acquisition through the reorganization, insofar as the tax involving the same employees of the predecessor on the identical business of the predecessor is concerned.

The defendant on the other hand says that the complete and entire business of the predecessor must be acquired without any addition or change whatever by the successor. In our opinion this is too narrow a construction of section 209(e).

Congress obviously thought the Commissioner's position prior to the 1950 enactment was overly technical and accordingly changed the law, substantially prospectively, and to a limited extent retroactively, in cases such as the present one, to the beginning of 1946. We think that defendant's interpretation of the phrase " 'business of the successor' ," and the "identity" requirement under section 209(e) as applied to the facts of this case is also overly technical, unjust and contrary to the intent and purpose of Congress. We can conceive of no reason why Congress would want to grant relief only if no addition, such as we have here, were made to the business. There is nothing in the language of the Act or the committee reports indicating that the " 'business of the successor' " or the "identity" of the business of the successor with that of the predecessor means anything more than that the identical business which was carried on by the predecessor must be carried on by the successor, with or without the addition in the reorganization or merger of another business of the successor. See S.Rep. 1669, 81st Cong., 2nd Sess., 1950–2 C.B. 302, 334, 364, 379. It should be noted that this section refers to the succession by dissolution or merger. Generally, when two corporations merge they both have a business, otherwise there would be no occasion for their existence. The purpose of the Social Security laws is to provide security for the employees and not to provide "windfalls" for the Government. The plaintiffs here get no "windfalls" and the same 353 employees of Predecessor and Successor get their social security.

On the facts the Successor in the instant case meets the "same business" and "identity" requirements of the statute. It carried on the identical business of its predecessor. In addition it carried on its existing spaghetti business. The remainder of the requirements of section 209(e) are concededly met by plaintiffs with the exception of defendant's reference to the possible lack of proportionate interest. But the facts show without dispute that the stock of Predecessor and Successor was wholly owned by American Home Products Corporation before and after the succession.

The plaintiffs are entitled to recover $3,079.95, without interest. Judgment

will be entered for plaintiffs in the amount of $3,079.95.

It is so ordered.

JONES, Chief Judge, and LARA-MORE, MADDEN and WHITAKER, Judges concur.